**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ADAN SANCHEZ SANCHEZ | * | |
| 6800 Red Top Road Apt #5 | * | |
| Takoma Park MD, 20912 | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| v. | * | Case No.:  19-3188 |
| | * | |
| ULTIMO, LLC D/B/A | * | |
| MALBEC RESTAURANT | * | |
| 1633 17th St. NW | * | |
| Washington, D.C. 20009 | * | |
| | * | |
| Serve: Felix Nelson Ayala Sr. | * | |
| 4109 Debenham Ct. | * | |
| Rockville, MD 20853 | * | |
| | * | |
| FELIX NELSON AYALA, SR. | * | JURY DEMAND REQUESTED |
| 4109 Debenham Ct. | * | |
| Rockville, MD 20853 | * | |
| | * | |
| DEFENDANTS. | * | |

*******************************************************************************

## COMPLAINT

Plaintiff, Adan Sanchez Sanchez ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Ultimo, LLC d/b/a Malbec Restaurant ("Malbec") and Felix Nelson Ayala Sr. (collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), and the D.C. Wage Payment and Collection Law D.C. Code §§ 32-1301 *et seq.* ("DCWPCL") as set forth below.

## PARTIES AND JURISDICTION

1.    Plaintiff is an adult resident of the State of Maryland.  By participating as a named Plaintiff in this action, Plaintiff consents to prosecute his claims against Defendants under the

FLSA.

2.      Malbec is a limited liability company doing business in the District of Columbia.

3.      Malbec is an Argentinian style restaurant located in the District of Columbia.

4.      Felix Nelson Ayala Sr. owns and operates Malbec.

5.      Plaintiff was employed by Defendants in the District of Columbia as a cook.

6.      At all times material herein, Defendants, in the aggregate and in the individual, have had annual gross volume of sales made or business done in an amount exceeding $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

7.      At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, handled, sold, and otherwise worked on goods and materials (namely food products and other related item) that were moved in or produced for commerce. Thus, Plaintiff was an individual employee who engaged in commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

8.      At all times, Defendants were Plaintiff's "employers" for purposes of the FLSA, the DCMWA, and the DCWPCL.

9.      This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

10.     Adan Sanchez Sanchez worked for Defendants as a cook from approximately December 15, 2016 until August 30, 2019.

11.     Mr. Sanchez Sanchez worked on average, approximately 70.5 hours per week.

12.     During the relevant period, Defendants paid Plaintiff a weekly salary of between $700.00 and $1,100.00.   Defendants failed to pay Mr. Sanchez Sanchez time and a half his regular rate for the hours he worked over forty.

13.     Felix Nelson Ayala Sr. owned and operated Malbec throughout Plaintiff's employment.  Throughout Plaintiff's employment, Felix Nelson Ayala Sr.:

   a.  Had the power to hire, fire, suspend, and otherwise discipline Plaintiff;

   b.  Had the power to supervise Plaintiff's work duties to ensure his work was of sufficient quality;

   c.  Set and controlled Plaintiff's work schedule or had the power to set and control Plaintiff's work schedule;

   d.  Set and determined or had the power to set and determine Plaintiff's rate and method of pay; and

   e.  Controlled, and was in charge of, Malbec's day-to-day operations.

14.     Plaintiff worked more than 40 hours per week many of the weeks that he worked for Defendants.  Defendants failed to pay Plaintiff at one-and-one-half times (1.5x) his regular rates for hours worked over forty.

15.     Plaintiff's primary work duties did not qualify for any exemption under the FLSA, DCMWA, and DCWPCL.

16.     Defendants' failure and refusal to pay Plaintiff the wages he rightfully earned as required by the FLSA, DCMWA, and DCWPCL, including overtime at one-and-one-half times (1.5x) his regular rate, was willful and intentional, and was not in good faith.

## CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act**
**(Overtime)**

17.     Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

18.     The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay for all hours worked each week in excess of forty (40) ("overtime hours").

19.     At all times, Plaintiff was an "employee" covered by § 207(a)(1) of the FLSA, and Defendants were Plaintiff's "employers" under § 207(a)(2) of the FLSA.

20.     Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate for all overtime hours Plaintiff worked.

21.     As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours each week of his employment.

22.     As set forth above, Defendants failed and refused to pay Plaintiff one-and-one-half (1.5x) his regular rate for all overtime hours he worked.

23.     Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid overtime wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

4

## COUNT II
### Violation of the D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

24.      Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

25.      At all times pertinent to the allegations herein, Plaintiff was Defendants' "employee," and Defendants was Plaintiff's "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*.

26.      Defendants, as Plaintiff's employers under the DCMWA, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) his regular rate of pay for all hours worked per week in excess of forty (40) ("overtime hours").

27.      As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work overtime hours during his employment.

28.      As set forth above, Defendants failed and refused to pay Plaintiff time-and-one-half (1.5x) his regular rate for all the overtime hours he worked.

29.      Defendants' failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count II for all unpaid wages in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of the D.C. Wage Payment and Wage Collection Law
### (Unpaid Wages)

30.      Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

31.     Plaintiff was an "employee" and Defendants were Plaintiff's "employers" within the meaning of the DCWPCL.

32.     Under the DCWPCL, Defendants were obligated to pay Plaintiff all wages earned and owed for work that Plaintiff performed.

33.     "Wages" pursuant to DCWPCL (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

34.     Plaintiff performed work duties for Defendants' benefit as set forth above for which Defendants failed to pay Plaintiff all wages earned and required by Federal and District of Columbia law.

35.     Defendants owe Plaintiff wages for work duties performed as set forth above.

36.     Defendants' failure to pay Plaintiff wages as set forth above constitutes a violation of Plaintiff's right to receive wages as guaranteed by the DCWPCL.

37.     Defendants' failure to pay Plaintiff all wages earned, owed, and required by the DCWPCL was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count III, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by statute (treble damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

JURY DEMAND REQUESTED

Respectfully submitted,

Michael K. Amster
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240 - 839 - 9142
mamster@zagfirm.com

*Counsel for Plaintiff*